JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MUNOZ,<br><br>      Plaintiff,<br><br>  v.<br><br>NIPPON EXPRESS U.S.A., INC., *et al.*,<br><br>      Defendants. | Case No. 2:24-cv-11033-FLA (AGRx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 8]** |

## RULING

On November 20, 2024, Plaintiff Elizabeth Munoz ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court, asserting claims against Defendant Nippon Express U.S.A., Inc. ("Defendant") for, *inter alia*, wrongful termination and violations of the California Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*  Dkt. 1-1.

On December 23, 2024, Defendant removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("NOR").  On January 7, 2025, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("OSC").  Dkt. 8.  The parties filed responses to the OSC on January 21,

2025.  Dkts. 10 ("Pl.'s Resp."), 11 ("Def.'s Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89.  Courts "strictly

construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Defendant contends the amount in controversy exceeds the jurisdictional minimum of $75,000, relying on Plaintiff's requests for lost wages, emotional distress damages, punitive damages, and attorney's fees. Def.'s Resp. at 10–17. The court addresses each in turn.

### A. Lost Wages

Defendant argues Plaintiff's lost wages, excluding overtime and employment benefits, "from the date of the alleged wrongful termination, October 17, 2023, to the date of removal on December 23, 2024 … would be $65,216.32 ($26.7280 x 2080 annual hours for one year = $55,594.24, plus 9 additional weeks of pay (9 x 40 hours x $26.7280) of $9,622.08)." *Id.* at 10; *see also* Dkt. 11-1 ("Vasquez Decl.") ¶ 4 ("Plaintiff's pay rate at the time she went on leave from her employment with Defendant was $26.7280 per hour. Before her leave, she worked full time, which is 37.5 hours per week[.]").[1] In the alternative, Defendant argues Plaintiff's lost wages "from October 17, 2023 to the anticipated date of trial estimated at October 17, 2025, … would be $111,188.48 ($26.7280 x 2080 annual hours x 2 years)[.]" Def.'s Resp. at 10.

Plaintiff represents that, after her termination on October 17, 2023, she found new employment approximately one month later—thus, her wage loss "is only a fraction of the removal limit." Pl.'s Resp. at 2. The court agrees. Her lost wages for

---

[1] Defendant's Senior Manager for West Region Human Resources attests Plaintiff worked only 37.5 hours per week (*i.e.*, 1950 annual hours). Vasquez Decl. ¶ 4. Defendant's calculation for lost wages, however, assumes lost wages for 40 hours of work per week (*i.e.*, 2080 annual hours).

3

1  one month are approximately $4,343,30 (($26.728 / hour x 1950 annual hours) / 12
2  months = $4,343.30 per month).

3  The court, thus, finds $4,343.30 is in controversy.

4  **B.      Emotional Distress**

5  To determine the amount of emotional distress damages in controversy, courts
6  consider the amount of emotional distress damages awarded by juries in similar cases.
7  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt*
8  *Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018).  "While … jury
9  verdicts in similar cases can provide evidence of the amount in controversy, the cases
10 must be factually identical or, at a minimum, analogous to the case at issue." *See*
11 *Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

12 Courts are not required to include emotional distress damages in the amount in
13 controversy when the party asserting jurisdiction fails to provide evidence of jury
14 awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-
15 01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v.*
16 *Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3
17 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty
18 damages sums in the past without further explanation (by facts or evidence) how the
19 facts in those cases compare to the facts presented here is … insufficient to meet [the]
20 burden to establish the amount in controversy by a preponderance of the evidence.").

21 Defendant compares this action to *Lopez v. Canton Food Co. Inc.*, Case No.
22 22STCV10189, 2024 WL 4068850 (Cal. Super. July 17, 2024), wherein a jury
23 awarded the plaintiff $119,889 in economic damages and $120,000 in emotional
24 distress damages.  Def.'s Resp. at 12.  Defendant argues that, in both this action and
25 *Lopez*, the plaintiffs: (1) had disabilities requiring them to take time off work;
26 (2) communicated with their employers during their leaves about their needs for
27 accommodation; and (3) had their positions terminated before they returned to work.
28 *See id.*  Based on these similarities, and because Plaintiff alleges "severe" emotional

distress, Defendant concludes the amount in controversy exceeds $75,000. *Id.* at 12–13; *see* Dkt. 1-1, Ex. A ("Compl.") ¶¶ 24, 34, 43, 50, 57, 65 (alleging for every cause of action that her "damages include lost income and severe emotional distress"). The court disagrees.

While this action and *Lopez* are generally similar, so too would be any case wherein a plaintiff was terminated on medical leave. Such circumstances are generic, and the court cannot conclude $75,000 is in controversy in every such case. Emotional damages are fact specific, and, here, Plaintiff alleges only vaguely that her emotional damages are "severe." Defendant's other cited cases are also only generally similar to this case. Def.'s Resp. at 13–14. Thus, assuming any emotional damages are in controversy here is speculative.

For these reasons, Defendant fails to establish any emotional damages are in controversy.

### C. Punitive Damages

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* Accordingly, a removing defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Here, while Defendant cites several cases with high punitive damages awards, Defendant does not articulate why the particular facts alleged in this action would warrant punitive damages. Def.'s Resp. at 14–16. Additionally, punitive damages are dependent on a defendant's net worth. *See Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1593 (1994), *as modified* (Nov. 14, 1994), *as modified on denial of reh'g* (Nov.

5

17, 1994), *as modified* (Nov. 22, 1994) ("An award should be no larger than the amount necessary to [punish wrongdoers and deter wrongful acts] and therefore must be tailored to the defendant's financial status."); *Adams v. Murakami*, 54 Cal. 3d 105, 109 (1991) (*en banc*) ("[A]n award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition."). Defendant, however, does not provide any evidence regarding its financial position. Def.'s Resp. at 14–16.

For these reasons, Defendant fails to carry its burden to show any punitive damages are in controversy. *See Ogden*, 644 F. Supp. 3d at 564.

### D. Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorney's fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorney's fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant estimates Plaintiff's counsel may have billed 700 hours or more on this action and Plaintiff may have incurred over $210,000 in attorney's fees to date. *Id.* at 8. According to Defendant, Plaintiff has aggressively litigated this mater since it was filed in March 2022, including by filing discovery motions, a motion for leave to amend the FAC, and a motion to remand. Def. Resp. at 8–11. Defendant, thus, contends Plaintiff's claim for attorney's fees, alone, is sufficient to place the amount in controversy over the jurisdictional minimum. *See id.* at 8–12.

Cal. Gov't Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party of a FEHA action reasonable attorney's fees and costs. Defendant,

however, fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if she prevails. The mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if she prevails is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy.

Defendant, thus, fails to meet its burden to demonstrate any attorney's fees are in controversy.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV30679. All dates and deadlines in this court are VACATED.

IT IS SO ORDERED.

Dated: March 28, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge